**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1025**

FLUVIA LUCERO ANALI MONTERROSO-OVALLE; J. B.,

Petitioners,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 12, 2021                    Decided: February 22, 2021

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Raymond O. Griffith, THE LAW OFFICE OF RAYMOND O. GRIFFITH, P.A., Baltimore, Maryland, for Petitioners. Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fluvia Lucero Anali Monterroso-Ovalle (Monterroso) and her minor son, J.B.,[*] natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Monterroso's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the entirety of the administrative record and considered the parties' arguments in conjunction with the record and the relevant authorities. We discern no legal error in the Board's conclusion that Monterroso did not advance a cognizable "particular social group." *See Amaya-De Sicaran v. Barr*, 979 F.3d 210, 215-18 (4th Cir. 2020) (affirming Board's holding that petitioner's proposed social group—"married El Salvadoran women in a controlling and abusive domestic relationship"—was not legally cognizable (internal quotation marks omitted)). Further, the record evidence does not compel a ruling contrary to any of the relevant factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and substantial evidence supports the agency's holding that Monterroso failed to establish a nexus between a statutorily protected ground and the claimed past persecution or feared future persecution.

Finally, with regard to the denial of Monterroso's claim for CAT relief, we conclude that: (1) substantial evidence supports the relevant factual findings, *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020); and (2) the agency committed no legal error in its

_____

[*] J.B. was a derivative asylum applicant. *See* 8 U.S.C. § 1158(b)(3).

2

adjudication of Monterroso's CAT claim, which hinged on a "willful blindness" theory of government acquiescence, *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971-72 (4th Cir. 2019) (detailing parameters of this theory). *See also Ortez-Cruz v. Barr*, 951 F.3d 190, 202-03 (4th Cir. 2020) (observing that, in the context of a CAT claim based on domestic violence, "past abuse doesn't require us to presume" the perpetrator will abuse the petitioner in the future, and recognizing as relevant factors the amount of time since the abuser last contacted the petitioner and the petitioner's prior failure to report the abuse to local authorities). As we recently explained, "[d]omestic abuse exists on a distressingly large scale in almost every country, but the government's difficultly in eliminating this scourge does not equate to condoning it." *Amaya-De Sicaran*, 979 F.3d at 219.

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Monterroso* (B.I.A. Dec. 10, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*